IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TIMOTHY ADAM SMITH                                                                    PLAINTIFF

v.                                          4:22-cv-00398-JM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Timothy Adam Smith, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments.  (Tr. 10-23.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is very young – only thirty-eight years old. (Tr. 40.)  He is a high school graduate and attended college for approximately two years. (*Id.*)  Mr. Smith has a strong work history.  He has past work as a field artillery crew member, power plant house mechanic helper, gas company laborer, gas regulator repairer helper, construction worker, construction superintendent, and police officer.  (Tr. 21.)

The ALJ[1] found Mr. Smith has not engaged in substantial gainful activity since March 1,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

2020 – the alleged onset date. (Tr. 12.) He has "severe" impairments in the form of "osteoarthritis/degenerative disc disease of the lumbar spine/lumbar spondylosis, obesity, insomnia, unspecified depression, unspecified anxiety, and post-traumatic stress disorder." (Tr. 13.) The ALJ further found Mr. Smith did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13-15.)

The ALJ determined Mr. Smith had the residual functional capacity to perform a reduced range of light work given his physical and mental impairments. (Tr. 15.) Based on his residual functional capacity assessment, the ALJ concluded Mr. Smith could no longer perform his past work. He, therefore, utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 65-73.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform both light and sedentary jobs of production assembler, router, housekeeping cleaner, table worker, document preparer, and assembler - despite his limitations. (Tr. 22.) Accordingly, the ALJ determined Mr. Smith was not disabled. (Tr. 23.)

The Appeals Council received additional information and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Mr. Smith argues that the ALJ failed to develop the record. (Doc. No. 10 at 7-11.) He argues, "The opinion evidence in this case was diametrically opposed as the treating source opined to less than sedentary and less than unskilled; and the DDS source opined to light/unskilled sufficient to deny the claim. [Tr. 84, 87, 107, 110 vs. Tr. 1634, 1770,

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

1635] This conflict required further development, and the ALJ should have granted the request for consultative examinations." (*Id.* at 8.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither.

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). As the Commissioner points out, "It is the Plaintiff's responsibility to provide specific medical evidence to support his claim. 20 C.F.R. § 416.912; *see Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006)." (Doc. No. 12 at 6.)

The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record contains ample medical records to support the ALJ's decision that Plaintiff is capable of performing light work activities. As the Commissioner points out:

> Here, the ALJ had Plaintiff's hearing testimony (Tr. 38-64, 66-67), his pain questionnaires (Tr. 266-267, 311-312), function reports (Tr. 271-278, 298-307, 317-314), updated disability reports (Tr. 290-295, 327-333), medical records for the relevant period (Tr. 430-461, 463-521, 523-541, 656-811, 813-979, 1707-1708, 1712-1713, 1717-1718, 1722-1741, 1743-1806), medical Case 4:22-cv-00398-JM-JJV Document 12 Filed 11/16/22 Page 6 of 29 7 source statements from Matthew Self, M.D., and Victoria Seaton, PharmD, BCPP (Tr. 1633-1635), and the prior administrative medical findings of state agency medical and psychological consultants (Tr. 81-82, 84-91, 104-105, 107-114).

(Doc. No. 12 at 6-7.)

Moreover, Plaintiff is reminded he had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Accordingly, I find his argument to be without merit.

Plaintiff also argues that the ALJ incorrectly evaluated his subjective symptoms. (Doc. No. 12 at 12-14.) The ALJ analyzed Mr. Smith's symptoms in light of Social Security Ruling 16-3p. (Tr. 15.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

I find the ALJ fairly evaluated Mr. Smith's subjective complaints. (Tr. 15-21.) In doing so, the ALJ concluded:

> In reaching the conclusion that the claimant can perform light work with the additional restrictions stated above, the undersigned has considered the claimant's subjective complaints of pain, the objective medical evidence, and any evidence

5

> relating to the claimant's daily activities; the duration, frequency, and intensity of the claimant's pain; the dosage and effectiveness of medication; the objective medical evidence and any evidence relating to the claimant's' s daily activities; the duration, frequency and duration of the claimant's pain; the dosage and effectiveness of medication; and the precipitating and aggravating factors; and functional restrictions. (SSR 16-3p and 20 CFR 416.927).

(Tr. 21.)

The ALJ's conclusions are supported by the objective medical evidence. X-rays and magnetic resonance imaging revealed only minor anomalies. (Tr. 467-470, 683, 796-799, 903-904.) Additionally, a close review of Plaintiff's testimony fails to support an allegation of complete disability. (Tr. 42-54.) Plaintiff's testimony suggests his main issues are anxiety and back problems. (Tr. 43, 50.) But nothing in the record shows these impairments preclude him from performing all forms of work-related activities.

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Mr. Smith clearly has limitations. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff further argues that the ALJ committed reversible error at Step Two. Plaintiff says, "In the present case, the ALJ did not assess or expressly consider any TBI/facial trauma and reconstruction and posttraumatic brain syndrome and posttraumatic headaches, at Steps Three, Four and Five and the adjudication, on its face, clearly misfocuses on Plaintiff's spine impairment." (Doc. No. 10 at 11.) I do not take lightly the impact of Plaintiff's very serious injuries he received while valiantly serving this country overseas. But after careful consideration of Plaintiff's argument and the Commissioner's response, (Doc. No. 12 at 8-10), I find the Commissioner's position to be persuasive. As the Commissioner correctly argues, the medical evidence shows Plaintiff complained of these issues only on a limited basis. And Plaintiff's own

testimony at the administrative hearing fails to show these impairments amount to "severe" impairments.

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s)*. An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities*. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

While Mr. Smith's burden of proving these impairments significantly limit his ability to perform basic work activities "is not great," *Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir. 2001), the ALJ could rightly find it was not a "severe" impairment when its impact was minimal on his ability to work. *Nguyen v. Chater,* 75 F.3d 429, 430-31 (8th Cir. 1996).

Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The

record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments – including the ALJ erred in his residual functional capacity assessment and reliance on the testimony of the vocational expert - that I find are without merit. Mr. Smith's counsel has done an admirable job advocating for this combat veteran's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 19th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE